UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ANDRE JACKSON,<br><br>    Plaintiff,<br><br>v.<br><br>PRIORITY WASTE, LLC,<br><br>    Defendant. | Case No. 25-cv-11867<br><br>Honorable Robert J. White |

**STIPULATED PROTECTIVE ORDER**

The parties to this Stipulated Protective Order have agreed to the terms of this Order; accordingly, IT IS HEREBY ORDERED that:

**1.    Scope.** All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter each a "document" and collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

**2.    Confidential Information.** As used in this Order, "Confidential Information" means a document that is designated as confidential pursuant to this

Order (a "Confidentiality Designation") including, without limitation: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) business strategy, business planning, commercial, or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identifying information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; and (g) personnel, employment, and wage records of a person who is not a party to this case. Information or documents that are available to the public may not be designated as Confidential Information.

    **3.    Designation.**

        **a.    Designating Material As Confidential:** A party may make a Confidentiality Designation by placing or affixing (electronically or otherwise) the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document and on any produced copies in a manner that will not interfere with the legibility of the document. If placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document is not feasible (for example, because the document is a Microsoft Excel spreadsheet that cannot be legibly reduced to individual pages or page images), then the producing party may mark the document in any other way that reasonably conveys to others that the document has a Confidentiality

Designation. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information. Subject to paragraph 6 regarding the inadvertent failure to designate, the Confidential Designation shall be made prior to or at the time the documents are produced or disclosed. A Confidential Designation with respect to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

  **b.**  The designation of a document as Confidential Information is a certification by an attorney (on behalf of a party the attorney represents) that the document contains Confidential Information as defined by this Order.

  **c.**  If a production response includes ESI, the Producing Entity shall include within the electronic files themselves the Confidentiality Designation to the extent practicable. If that is not practicable, then the Producing Entity shall designate in a transmittal letter or email to the party to whom the

documents are produced (the "Receiving Party") using a reasonable identifier (e.g., the Bates range) any portions of the ESI that have a Confidentiality Designation.

4. **Depositions.**

    **a.** Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information until the expiration of the following: No later than 14 days after the transcript is delivered by the court reporter to any party, and in no event later than 60 days after the testimony was given. Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that the party has made a Confidentiality Designation, and thereafter only those portions for which a Confidentiality Designation was made in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any Confidentiality Designation for testimony taken in that deposition, unless otherwise ordered by the Court or stipulated to by the parties.

5. **Protection of Confidential Documents.**

    **a. General Protections.** Confidential Information shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this

litigation, including any appeal thereof.

   **b.**  **Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third party or entity except as set forth in subparagraphs (1)-(10) below. Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

1. Counsel. Counsel for the parties and employees of counsel;

2. Parties. Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

3. The Court and its personnel;

4. Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

5. Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

6. Consultants and Experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action.

7. Witnesses at depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as

      Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

  8. Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation); and

  9. Neutrals. Any person who serves as a mediator, facilitator, case evaluator, or arbitrator.

  10. Others by Consent. Other persons only by written consent of the producing party or order of the Court, and on such conditions as may be agreed or ordered.

Prior to being shown any documents with a Confidential Designation, any person listed under paragraph 5(b)(6), 5(b)(7), or 5(b)(9) shall be advised that the documents with a Confidential Designation are being disclosed pursuant to and subject to the terms of this Order.

  **6.** **Control of Documents.** Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of documents with a Confidential Designation.

  **7.** **Inadvertent Failure to Designate.** An inadvertent failure to make a Confidential Designation does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party makes a Confidential Designation after a document was initially produced, the receiving party, on

6

notification of the Confidential Designation, must make a reasonable effort to ensure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of a document during a time when that document was not subject to a Confidential Designation, even where the failure to so designate was inadvertent and where the document is subsequently subject to a Confidential Designation.

8. **Inadvertent Production of Privileged Information**. The inadvertent production of privileged information shall be governed by Federal Rule of Civil Procedure 26 (b)(5)(b).

9. **Filing Confidential Information.** This order does not authorize the filing of any documents under seal. Any party wishing to file a document under seal must do so in accordance with E.D. Mich. LR 5.3.

10. **No Greater Protection of Specific Documents.** Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

11. **Challenges by a Party to Confidential Designation.** A Confidential Designation is subject to challenge by any party. The following procedure shall apply to such a challenge.

    a. **Meet and Confer.** A party challenging a Confidential

Designation must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the Confidential Designation was not proper and must give the designating party an opportunity to review the designated document, to reconsider the Confidential Designation, and, if no change in Confidential Designation is offered, to explain the basis for the Confidential Designation. The designating party must respond to the challenge within five business days.

      **b.** **Judicial Intervention.** If the parties require judicial intervention to resolve a dispute about a Confidential Designation, they must contact the Court prior to filing a motion. The Court will hold a telephone conference to try to resolve the dispute, and, if the parties cannot reach an agreement there, the party challenging a Confidential Designation may file a motion.

Until the Court rules on the challenge, all parties shall continue to honor the Confidential Designation and treat the documents as Confidential Information under the terms of this Order.

      **10.** **Action by the Court.** Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or trial.

**11. Use of Confidential Documents or Information at Trial.** Nothing in this Order shall be construed to affect the use of any document at any trial or hearing. Except for a party's own Confidential Information, a party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**12. Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

 a. If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any document with a Confidential Designation, the receiving party must so notify the designating party, in writing, immediately and in no event more than five business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

 b. The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the documents covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order

9

promptly to the party in the other action that caused the subpoena to issue.

  **c.** The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information by the other party to this case.

**13.** **Obligations on Conclusion of Litigation.**

  **a.** Order Continues in Force. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

  **b.** Obligations at Conclusion of Litigation. Within 60 days after dismissal or entry of final judgment not subject to further appeal, all documents with a Confidential Designation, including copies, shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosures; (2) the parties agree to

destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

    **c.**    Retention of Work Product and one set of Filed Documents. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to documents with a Confidential Designation so long as that work product does not duplicate verbatim substantial portions of the document with a Confidential Designation, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained documents with a Confidential Designation shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

**14.**    **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative, by stipulation of the parties, or on motion of a party or any other person with standing concerning the subject matter.

**15.**    **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination

that any document with a Confidential Designation is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

      **16.**    **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

      SO ORDERED.

Dated: December 4, 2025                  s/Robert J. White
                                                      Robert J. White
                                                      United States District Judge

**STIPULATED TO:**

*/s/ Carter T. Hastings (w/ permission)*  */s/ Michael A. Schwartz*

**Clif Alexander**
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Texas Bar No. 24045189
austin@a2xlaw.com
**Carter T. Hastings**
Texas Bar No. 24101879
carter@a2xlaw.com
**Anderson Alexander, PLLC**
101 N. Shoreline Blvd., Suite 610
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

Mark J. Zausmer (P31721)
Michael A. Schwartz (P74361)
Jason M. Schneider (P79296)
32255 Northwestern Hwy., Suite 225
Farmington Hills, MI 48334
(248) 851-4111
mzausmer@zausmer.com
mschwartz@zausmer.com
jschneider@zausmer.com

*Attorneys for Defendant*

*/s/ Jennifer McManus (w/ permission)*
**Jennifer McManus**
Michigan Bar No. (P65976)
jmcmanus@faganlawpc.com
**Fagan McManus, P.C.**
25892 Woodward Avenue
Royal Oak, Michigan
Telephone: (248) 658-8951
Facsimile: (248) 542-6301

*Attorneys in Charge for Plaintiff and Putative Collective Members*

13